STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO. AP-05-093

MARK LELAKOWSKI

    Plaintiff

    v.                          ORDER ON PLAINTIFF'S
                                        REQUEST FOR FURTHER
STATE OF MAINE, DEPARTMENT              FINDINGS AND
OF THE SECRETARY OF STATE,              CONCLUSIONS OF LAW
BUREAU OF MOTOR VEHICLES

    Defendant

Before the court is plaintiff Mark Lelakowski's ("Plaintiff") request for further findings and conclusions of law on his "constitutional" claim that he is not subject to suspension under 29-A M.R.S.A. § 2521 for refusing to submit to and complete a chemical test because he did not "affirmatively and actually refuse the test by word or conduct."[1] Plaintiff bases this argument on language found in *State v. Adams*, 457 A.2d 416, 421 (1983).

Plaintiff claims that the Constitution mandates a finding of "sentient" refusal before his license may be suspended, and that the evidence in this case shows that he was too intoxicated to knowingly refuse the test. This case, however, concerns the imposition of an administrative suspension under the requirements of § 2521, and does not invoke the Constitution. The court found in its Order that the State met the statute's requirements, and that the penalty was properly imposed. Nevertheless, because Plaintiff labors under a misimpression

---

[1] Plaintiff also claims that, under this standard, the hearing officer erred as a matter of law in requiring that he establish "by a pretty high threshold" of evidence that he did not knowingly refuse the test. As Plaintiff's constitutional argument in favor of the "knowing refusal" standard fails, this claim is moot.

1

as to the scope of his constitutional rights, the court grants his request for further findings and conclusions of law.

The constitutional issue in *State v. Adams* was whether a person may invoke their fourth amendment right to be free from unlawful searches and seizures under circumstances where they are purportedly too intoxicated to knowingly consent to the drawing of their blood for blood-alcohol content ("BAC") testing. 457 A.2d at 421. Pursuant to the well-known and controversial remedy for violation of one's fourth amendment rights, the defendant sought exclusion of the results of the BAC test. *Id.* The defendant's blood had been drawn at a time when he was intoxicated and badly beaten, and although he did not consent to the nurse drawing blood, he also did not raise a commotion. *Id.* at 417. In denying the defendant's argument that his fourth amendment rights had been violated when his blood was drawn in this manner, the Law Court found that "the Legislature has established a firm general policy of admissibility of blood-alcohol tests in its battle against the potential highway killer," and that, consequently, any person who wishes to keep the State from drawing blood for such testing "must affirmatively and actually refuse the test by word or conduct." *Id.* at 417 and 421.

This case, by contrast, doesn't even invoke a constitutional argument, much less a winning one. Nothing was taken from Plaintiff against his will. The intoxilyzer test, which the State attempted to administer in Plaintiff's case, cannot be completed without the cooperation of the driver. It is for this reason that the Legislature has imposed a duty on drivers to submit to and complete such tests, and it is for this reason that it has imposed penalties on those who fail to submit to and complete such tests. *See State v. Chase,* 2001 ME 168, ¶¶ 6–7, 785 A.2d 702,

2

704-5. To borrow from the reasoning in *Adams*: if motorists could successfully evade an intoxilyzer test whenever their intoxication renders them incapable of following instructions to breathe into the apparatus, the duty to submit to and complete a blood-alcohol test would quickly become a fiction. *See* 457 A.2d at 421.

In sum, 29-A M.R.S.A. § 2521 is clear that the law enforcement officer must inform a person of the consequences of failure to complete a chemical test, which the officer did in this case. But, it nowhere requires the State to elicit an affirmative refusal to complete the test prior to imposing the penalty mandated under § 2521(6), nor is there any constitutional basis for reading such a standard into the statute.[2]

**The entry is:**

Plaintiff's motion for further findings and conclusions of law is GRANTED. The court's order of May 23, 2006 is UPHELD.

Dated at Portland, Maine this ___1ˢᵗ___ day of ___June___ 2006.

_____
Robert E. Crowley
Justice, Superior Court

---

[2] Although Plaintiff does not make this argument, it is perhaps worth pointing out that there is no basis for applying the standard of knowing waiver of one's rights, developed in the *Miranda* line of cases. This case does not concern waiver of any constitutional right, such as the right to remain silent, or the right to counsel.

3

COURTS
ıd County
ıx 287
ə 04112-0287

KELLY TURNER ESQ
DALE DENNO AAG
DEPT OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

JRTS
ınty

2-0287

C H SPURLING ESQ
2 CHURCH ST
GARDINER ME 04345